UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ESTER MARTINEZ, LERIA PEREZ ZAPATA, and MATEO GUZMAN,

                           Plaintiffs,

  -against-

ATLANTIS SUPER WASH CENTER INC., CLEAN CITY LAUNDRY INC., MICHAEL DINARDI, and NICK MIRA,

                           Defendants.
-----------------------------------------------------------------------X

Civil Action No.

## COMPLAINT

      Plaintiff, ESTER MARTINEZ ("Martinez"), LERIA PEREZ ZAPATA ("Zapata"), and MATEO GUZMAN ("Guzman") (collectively "Plaintiffs"), as and for their Complaint against Defendants, ATLANTIS SUPER WASH CENTER INC. ("Atlantis Super Wash"), CLEAN CITY LAUNDRY INC. ("Clean City"), MICHAEL DINARDI ("Dinardi"), and NICK MIRA ("Mira") (collectively "Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

    1.    Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

    2.    Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Martinez is an adult female currently residing in the State of New York.

6. Zapata is an adult female currently residing in the State of New York.

7. Guzman is an adult male currently residing in the State of New York.

8. Plaintiffs are former employees of Defendants.

9. Defendant Atlantis Super Wash is a domestic business corporation duly organized and existing under the laws of the State of New York.

10. Defendant Clean City is a domestic business corporation duly organized and existing under the laws of the State of New York.

11. Atlantis Super Wash and Clean City maintain a place of business located at 873 Bedford Avenue, Brooklyn, New York.

12. Upon information and belief, at all relevant times, Atlantis Super Wash and Clean City maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

13. Upon information and belief, Defendant Dinardi is a resident of the State of New York.

14. Dinardi is the Chief Executive Officer of Atlantis Super Wash.

15. Upon information and belief, at all relevant times, Dinardi was and continues to be an owner, corporate officer, director, and/or managing agent of Atlantis Super Wash.

16. Upon information and belief, at all relevant times, Dinardi exercised operational control over Atlantis Super Wash, controlled significant business functions of Atlantis Super Wash, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Atlantis Super Wash in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

17. Upon information and belief, at all relevant times, Dinardi participated in running the daily operations of Atlantis Super Wash and its cleaning business.

18. Upon information and belief, at all relevant times, Dinardi participated in the management and supervision of Plaintiffs and their work for Atlantis Super Wash.

19. As such, Defendants Atlantis Super Wash and Dinardi are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

20. Upon information and belief, Defendant Mira is a resident of the State of New York.

21. Mira is the Chief Executive Officer of Clean City.

22. Upon information and belief, at all relevant times, Mira was and continues to be an owner, corporate officer, director, and/or managing agent of Clean City.

23. Upon information and belief, at all relevant times, Mira exercised operational control over Clean City, controlled significant business functions of Clean City, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Clean City

in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

24. Upon information and belief, at all relevant times, Mira participated in running the daily operations of Clean City and its cleaning business.

25. Upon information and belief, at all relevant times, Mira participated in the management and supervision of Plaintiffs and their work for Clean City.

26. As such, Defendants Clean City and Mira are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

## FACTS

27. Atlantis Super Wash owns and operates a cleaners located at 873 Bedford Avenue, Brooklyn, New York.

28. Clean City owns and operates a cleaners located at 873 Bedford Avenue, Brooklyn, New York.

29. Plaintiffs were employed as laborers for the benefit of and at the direction of Defendants.

30. Martinez was employed by Defendants from on or about May 15, 2021 to on or about June 14, 2023.

31. For the first four months of her employment, Martinez worked Monday through Friday from 7:00 a.m. to 5:00 p.m. with a thirty (30) minute meal break each day.

32. During this time, Martinez worked 47.5 hours each week.

33. Thereafter, from September 2021 to January 2023, Martinez worked seven (7) days a week from 7:00 a.m. to 6:00 p.m. with a thirty (30) minute meal break each day.

34. During this time, Martinez worked 73.5 hours each week.

35. From January 2023 to June 2023, Martinez worked six (6) days a week from 8:30 a.m. to 6:00 p.m. with a thirty (30) minute meal break each day.

36. During this time, Martinez worked 54 hours each week.

37. From May 2021 to April 2022, Defendants paid Martinez $13.00 an hour which is less than the $15.00 an hour New York statutory minimum wage rate.

38. From April 2022 to June 2023, Defendants paid Martinez $15.00 an hour for twenty (20) hours of work by check and then $14.00 an hour in cash for the remaining hours worked, which is less than the $15.00 an hour New York statutory minimum wage rate.

39. During her employment, Defendants failed to pay Martinez time-and-one-half her regular rate of pay for all hours that she worked in excess of 40 each week.

40. During her employment, Defendants failed to pay Martinez overtime compensation for all hours that she worked in excess of 40 each week.

41. During her employment, Defendants failed to pay Martinez spread of hours compensation for any days that her spread of hours exceeded ten (10).

42. During her employment, Defendants failed to provide Martinez with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with her weekly earnings, as required by NYLL § 195(3).

43. During her employment, Defendants failed to provide Martinez with wage notices as required by NYLL section 195(1).

44. Zapata was employed by Defendants from on or about May 2016 to on or about March 20, 2020.

45. For the first four months of her employment, Zapata worked Monday through Friday from 8:00 a.m. to 6:00 p.m. with a thirty (30) minute meal break each day.

46. During this time, Zapata worked 47.5 hours each week.

47. During this time, Defendants paid Zapata $90.00 a day for her work.

48. Thereafter, from September 2016 to March 20, 2020, Zapata worked Monday through Friday from 8:00 a.m. to 8:00 p.m. with a thirty (30) minute meal break each day.

49. During this time, Zapata worked 57.5 hours each week.

50. During this time, Defendants paid Zapata $11.00 an hour for all hours that she worked each day and each week.

51. From December 31, 2017 until March 20, 2020, Defendants paid Zapata less than the New York statutory minimum wage rate.

52. During her employment, Defendants failed to pay Zapata time-and-one-half her regular rate of pay for all hours that she worked in excess of 40 each week.

53. During her employment, Defendants failed to pay Zapata overtime compensation for all hours that she worked in excess of 40 each week.

54. During her employment, Defendants failed to pay Zapata spread of hours compensation for any days that her spread of hours exceeded ten (10).

55. During her employment, Defendants failed to provide Zapata with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with her weekly earnings, as required by NYLL § 195(3).

56. During her employment, Defendants failed to provide Zapata with wage notices as required by NYLL section 195(1).

57. Guzman was employed by Defendants from on or about September 2016 to on or about March 20, 2020.

58. During his employment, Guzman worked Monday through Friday from 8:00 a.m. to 8:00 p.m. and Saturday from 8:00 a.m. to 5:00 p.m. with a thirty (30) minute meal break each day.

59. During this time, Guzman worked 66 hours each week.

60. During this time, Defendants paid Guzman a weekly salary of $600.00.

61. From December 31, 2016 until March 20, 2020, Defendants paid Guzman less than the New York statutory minimum wage rate.

62. During his employment, Defendants failed to pay Guzman time-and-one-half his regular rate of pay for all hours that he worked in excess of 40 each week.

63. During his employment, Defendants failed to pay Guzman overtime compensation for all hours that he worked in excess of 40 each week.

64. During his employment, Defendants failed to pay Guzman spread of hours compensation for any days that his spread of hours exceeded ten (10).

65. During his employment, Defendants failed to provide Guzman with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

66. During his employment, Defendants failed to provide Guzman with wage notices as required by NYLL section 195(1).

67. Dinardi and Mira participated in the decision to hire Plaintiffs.

68. Dinardi and Mira participated in deciding the job duties that Plaintiffs performed on a daily basis.

69. Dinardi and Mira participated in the daily supervision of Plaintiffs' job duties and responsibilities.

70. Dinardi and Mira participated in setting Plaintiffs' work schedule.

71. Dinardi and Mira participated in deciding the hours that Plaintiffs worked each week.

72. Dinardi and Mira participated in deciding the manner in which Plaintiffs were paid.

73. Dinardi and Mira participated in deciding the compensation Plaintiffs were paid.

74. Dinardi and Mira participated in running the day-to-day operations of Defendants Atlantis Super Wash and Clean City during Plaintiffs' employment.

75. Defendants managed Plaintiffs' employment, including the amount of time worked and the rates that they were paid.

76. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

77. Defendants were aware of Plaintiffs' work hours and rates of pay but failed to pay them the proper wages to which they were entitled under the law.

78. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**
**(On Behalf of Ester Martinez Only)**

79. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

81. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Atlantis Super Wash and Clean City are enterprises engaged in commerce or in the production of goods for commerce.

82. At all times relevant to this Complaint, Defendants Atlantis Super Wash and Clean City had, and continue to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled materials and equipment that originated outside of the State of New York.

83. Upon information and belief, the gross annual volume of sales made or business done by Defendants Atlantis Super Wash and Clean City for the years 2021 and 2022 was not less than $500,000.00.

84. At all times relevant to this action, Martinez was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

85. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

86. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Martinez overtime compensation as required by the FLSA.

87. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

88. However, none of the Section 13 exemptions apply to Martinez because she did not meet the requirements for coverage under the exemptions during the relevant periods of their employment.

89. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

90. Defendants did not act in good faith with respect to the conduct alleged herein.

91. As a result of Defendants' violations of the FLSA, Martinez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II
VIOLATION OF THE NEW YORK LABOR LAW
ARTICLE 6 AND 19
FAILURE TO COMPENSATE FOR OVERTIME**

92. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

93. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

94. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

95. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

96. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

97. Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because they did not meet the requirements for any of the reduced number of exemptions available under New York law.

98. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

99. Defendants did not act in good faith with respect to the conduct alleged herein.

100. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

101. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

102. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

103. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

104. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

105. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

106. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

107. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

108. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

109. Plaintiffs reassert and reallege the allegations set forth in each of the above

paragraphs as though fully set forth herein.

110. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

111. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

112. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

113. Defendants have not acted in good faith with respect to the conduct alleged herein.

114. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

115. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

116. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117. In violation of the NYLL and the Regulations pertaining thereto, Defendants have failed to pay Plaintiffs an additional hour of pay when the spread of hours between the beginning and end of their workday exceeded ten (10) hours.

118. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

119. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

120. Defendants have not acted in good faith with respect to the conduct alleged herein.

121. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

122. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Willfully violated provisions of the FLSA by failing to pay Plaintiff Martinez overtime compensation;

   2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation, minimum wages and spread of hours compensation;

   3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices;

    4. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   June 22, 2023

                 /s/ Justin M. Reilly
                 Justin M. Reilly, Esq.
                 The NHG Law Group, P.C.
                 *Attorneys for the Plaintiff*
                 4242 Merrick Road
                 Massapequa, New York 11758
                 Tel: 516.228.5100
                 nhglaw@nhglaw.com
                 justin@nhglaw.com