# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 30, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Carol B. Amon, U.S.D.J.
225 Cadman Plaza East
Courtroom 10D South
Brooklyn, NY 11201-1804

      *Re:*    **Martinez,** *et al.* **v. Atlantis Super Wash Center Inc.,** *et al.*
             <u>**Case No.: 1:23-cv-4667 (CBA) (PK)**</u>

Dear Judge Amon:

      This firm represents Defendants Atlantis Super Wash Center Inc., Clean City Laundry Inc., and Nick Mira (collectively hereinafter the "Defendants"), who submit this renewed letter motion in accordance with ¶ 3(A) of this Court's Individual Motion Practices and Rules to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

      Defendants provide the basis of their anticipated motion below.

**<u>Relevant Background</u>**

      On June 22, 2023, Plaintiffs Ester Martinez ("Martinez"), Leria Perez Zapata ("Zapata"), and Mateo Guzman ("Guzman") (Martinez, Zapata, and Guzman collectively hereinafter the "Plaintiffs") commenced the instant case. <u>See</u> ECF Docket Entry <u>1</u>. On September 19, 2023, Defendants appeared by counsel and moved by letter motion for a pre-motion conference in anticipation of their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). <u>See</u> ECF Docket Entries <u>6</u> and <u>7</u>.

      On October 16, 2023, Plaintiffs filed their first amended complaint, asserting causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid overtime wages; (ii) the New York Labor Law ("NYLL") for unpaid overtime wages; and (iii) the NYLL for failure to furnish wage notices. <u>See</u> ECF Docket Entry <u>11</u>.

      For the reasons set forth below, this Court should grant Defendants' letter motion for a pre-motion conference and enter a briefing schedule for their anticipated motion to dismiss.

Hon. Carol B. Amon, U.S.D.J.
October 30, 2023
P a g e | **2**

## This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim

Nothing has changed in the complaint to sufficiently state a claim for overtime under the FLSA. As they did in the original complaint Plaintiffs allege that Martinez generally worked anywhere from 47.5 to 73.5 hours each week and was paid $13.00 to $15.00 per hour, but was not compensated for all hours worked. See Id. at ¶¶ 75-93 ("Defendants failed to pay Martinez overtime compensation for all hours that she worked in excess of 40 each week").

Plaintiffs also allege that Zapata generally worked anywhere from 47.5 to 57.5 hours each week and was paid $90.00 per day or $11.00 per hour, but was not compensated for all hours worked. See Id. at ¶¶ 93-110 ("Defendants failed to pay Zapata overtime compensation for all hours that she worked in excess of 40 each week").

Plaintiffs similarly allege that Guzman generally worked 66 hours each week and was paid $600.00 per week, but was not compensated for all hours worked. See Id. at ¶¶ 111-123 ("Defendants failed to pay Guzman overtime compensation for all hours that she worked in excess of 40 each week").

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiffs still fail to meet the plausibility standard required to state a claim for their overtime claim under the FLSA. They continue to fail to identify a single week in which any of them worked and were not paid overtime wages.

Accordingly, their wage-and-hour claims must be dismissed for failure to state a claim.

## This Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiffs' FLSA claims. See 28 U.S.C. § 1331.

Hon. Carol B. Amon, U.S.D.J.
October 30, 2023
P a g e | **3**

Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over the causes of action under the NYLL in this case except for the overtime and minimum wage claims, which should be dismissed for the same reasons set forth *supra*.

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)). "Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'*" See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (quoting U.S. Const. art. III, § 2) (emphasis added))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claim raised arises under the FLSA. As such, only the NYLL claims for unpaid overtime may properly form the basis for having a relationship to the FLSA claims for the identical issues. Consequently, the remaining state law claims – for alleged minimum wage violations – have no common nucleus of operative facts with Plaintiff's overtime claims under federal law.

Accordingly, this Court must dismiss decline to exercise supplemental jurisdiction over the remaining claims as they cannot be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact." For the foregoing reasons, Defendants request a pre-motion conference be scheduled following the parties' December 7, 2023 mediation should the same be unsuccessful in resolving this case.

Dated: Lake Success, New York
October 30, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*
*Atlantis Super Wash Center Inc.,*
*Clean City Laundry Inc., and*
*Nick Mira*

Hon. Carol B. Amon, U.S.D.J.
October 30, 2023
P a g e | **4**

**VIA ECF**
The NHG Law Group, P.C.
<u>Attn</u>: Justin M. Reilly and Keith E. Williams, Esqs.
4242 Merrick Road
Massapequa, NY 11758
justin@nhglaw.com
keith@nhglaw.com

*Attorneys for Plaintiffs*
*Ester Martinez,*
*Leria Perez Zapata, and*
*Mateo Guzman*
.