

4242 Merrick Road, Massapequa, New York 11758

| Attorneys | Paralegals |
|---|---|
| Justin M. Reilly, Esq. | Rosa Coscia |
| Keith E. Williams, Esq. | Catalina Roman |

**Via: EDNY ECF**                                                                   November 3, 2023

Honorable Judge Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Martinez, et al. v. Atlantis Super Wash Center, Inc., et al.*; **23-cv-04667 (CBA)(PK)**

Dear Hon. Judge Amon,

I represent Plaintiffs in this FLSA action. I write pursuant to Your Honor's Individual Rules and in response to Defendants' Second Request for a Pre-Motion Conference in anticipation of their Motion to Dismiss the Complaint.

Plaintiffs filed this action on June 22, 2023 by filing a Summons and Complaint, in which they alleged that Defendants willfully violated the wage and hour provisions of the FLSA and the NYLL. On October 6, 2023, Defendants filed a request for a pre-motion conference in anticipation of filing a motion to dismiss Plaintiffs' claims under the NYLL for Defendants' failure to pay spread of hours compensation, failure to provide wage notices, and failure to provide wage statements. Defendants also sought to dismiss Plaintiffs' FLSA overtime claims for failure to state a claim. While Plaintiffs did not believe that Defendants had a meritorious basis for such a dismissal, they nevertheless withdrew those NYLL claims by filing an Amended Complaint on October 16, 2023. On October 30, 2023, Defendants filed a second request for a pre-motion conference, now seeking to dismiss the FLSA claims for failure to state a claim.

Defendants' anticipated motion will be completely without merit and will be devoid of a legal basis. Even a cursory review of Plaintiffs' allegations will reveal that all of the *prima facie* elements of an overtime claim under the FLSA are properly and fully pleaded. For example, Plaintiff Martinez alleges that "[f]rom on or about May 15, 2021 until in or about August 2021, [she] worked Monday through Friday from 7:00 a.m. to 5:00 p.m. with a thirty (30) minute meal break each day." D.E. 11 at ¶ 79. Simple mathematical computation establishes that she worked 9.5 hours a day, 5 days a week, for 47.5 hours a week. The FLSA requires overtime to be paid for all hours worked in excess of 40 hours. Yet Defendants incredibly claim that such allegations are

somehow insufficient to establish that she worked 7.5 hours of overtime a week without being paid for it. They are incorrect.

Given Defendants' clearly meritless position, Plaintiffs look forward to opposing their motion to dismiss and are ready to enter into a briefing schedule at the Court's convenience.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Keith E. Williams, Esq.

cc: all counsel of record, via ECF.