UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESTER MARTINEZ, LERIA PEREZ ZAPATA, and
MATEO GUZMAN,                                **Case No.:** 1:23-cv-4667 (CBA) (PK)

                              Plaintiffs,

       -against-

ATLANTIS SUPER WASH CENTER INC., CLEAN
CITY LAUNDRY INC., MICHAEL DINARDI, and
NICK MIRA,

                              Defendants.
-------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

 

**MILMAN LABUDA LAW GROUP PLLC**
Emanuel Kataev, Esq.
David Aminov, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com
daminov@mllaborlaw.com

*Attorneys for Defendants*
*Atlantis Super Wash Center Inc.,*
*Clean City Laundry Inc., and*
*Nick Mira*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**..................................................................................................1

**STANDARD OF REVIEW**......................................................................................................2

**FACTS**......................................................................................................................................3

**ARGUMENT**............................................................................................................................5

**I. THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE AN FLSA CLAIM**.....5

    **a. Martinez's Overtime Claims under the FLSA Must be Dismissed**...........................5

**II.    DEFENDANT MIRA DID NOT EMPLOY PLAINTIFF**............................................7

**III.    PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT**……..10

**IV.    ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**……………………………………………………………………..……11

**CONCLUSION**......................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

Anschutz Corp. v. Merrill Lynch & Co.,
   690 F.3d 98 (2d Cir. 2012)..................................................................................................... 2

Apolinar v. R.J. 49 Rest., LLC,
   2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016)...................................................... 9

ASARCO LLC v. Goodwin,
   756 F.3d 191 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014) ....................................... 3

Ashcroft v. Iqbal,
   556 U.S. 662 (2009).............................................................................................................. 2

Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A.,
   849 Fed. Appx. 289 (2d Cir. 2021)..................................................................................... 10

Barfield v. New York City Health & Hosps. Corp.,
   537 F.3d 132 (2d Cir. 2008).................................................................................................. 8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)........................................................................................................ 3, 9

Boggs v. Die Fliedermaus, LLP,
   2004 U.S. Dist. LEXIS 12883 (S.D.N.Y. July 7, 2004) .................................................... 11

Burke v. New York City Tr. Auth.,
   758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020)...................... 5

Cain v. Mercy Coll.,
   2022 U.S. App. LEXIS 6590 (2d Cir. March 15, 2022).................................................... 11

Cannon v. Douglas Elliman, LLC,
   2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Decl. 10, 2007) ........................................... 8 n. 3

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002).................................................................................................. 3

City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,
   752 F.3d 173 (2d Cir. 2014)................................................................................................ 10

Davis v. Ching Yi Cheng,
   2017 U.S. Dist. LEXIS 212738 (E.D.N.Y. Decl. 28, 2017) ................................................ 9

DeJesus v. HF Mgt. Services, LLC,
    726 F.3d 85 (2d Cir. 2013) .................................................................................................. 6, 7, 8

Fernandez v. Zoni Language Centers, Inc.,
    858 F.3d 45 (2d Cir. 2017) ............................................................................................................. 5

Gebhardt v. Allspect, Inc.,
    96 F. Supp. 2d 331 (S.D.N.Y. 2000) ............................................................................................. 3

Gisomme v. HealthEx Corp.,
    2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) ............................................................. 5

Glatt v. Fox Searchlight Pictures, Inc.,
    811 F.3d 528 (2d Cir. 2015) .......................................................................................................... 5

Herman v. RSR Sec. Servs. Ltd.,
    172 F.3d 132 (2d Cir. 1999) .......................................................................................................... 8

Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,
    146 F.3d 66 (2d Cir. 1998) ................................................................................................... 12 n. 4

Irizarry v. Catsimatidis,
    722 F.3d 99 (2d Cir. 2013) ............................................................................................................ 8

Kolari v. New York-Presbyterian Hosp.,
    455 F.3d 118 (2d Cir. 2006) ........................................................................................................ 11

Kramer v. Time Warner Inc.,
    937 F.2d 767 (2d Cir. 1991) ................................................................................................. 12 n. 4

Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106 (2d Cir. 2013) ............................................................................................... 5, 6, 7, 8

Manway Constr. Co. v. Hous. Auth. of City of Hartford,
    711 F.2d 501 (2d Cir. 1983) ........................................................................................................ 11

Nakahata v. New York–Presbyterian Healthcare Sys.,
    723 F.3d 192 (2d Cir. 2013) ............................................................................................... 5, 6, 7, 8

Paleja v. KP NY Operations LLC,
    2022 U.S. App. LEXIS 3399 (2d Cir. Feb. 8, 2022) ............................................................ 6, 7, 8

Porat v. Lincoln Towers Cmty. Ass'n,
    464 F.3d 274 (2d Cir. 2006) ........................................................................................................ 10

Rothenberg v. Daus,
   2015 U.S. Dist. LEXIS 39764 (S.D.N.Y. March 27, 2015) ............................................. 11

Smith v. Local 819 I.B.T. Pension Plan,
   291 F.3d 236 (2d Cir. 2002) ............................................................................................... 3

Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield,
   6 F. Supp. 3d 275 (E.D.N.Y. 2014) ................................................................................. 11

TechnoMarine SA v. Giftports, Inc.,
   758 F.3d 493 (2d Cir. 2014) ............................................................................................. 10

Tracy v. NVR, Inc.,
   667 F. Supp. 2d 244 (W.D.N.Y. 2009) .............................................................................. 8

Wolman v. Catholic Health Sys. of Long Island, Inc.,
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ............................................................................... 8

Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,
   2009 U.S. Dist. LEXIS 29779, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ............... 8 n. 3

**Statutes & Regulations**

12 NYCRR § 142–2.2 (2011) ....................................................................................................... 5

28 U.S.C. 1367 ............................................................................................................................ 11

29 U.S.C. § 203 ............................................................................................................................. 7

29 U.S.C. § 206 ............................................................................................................................. 5

29 U.S.C. § 207 ............................................................................................................................. 5

29 C.F.R. § 778.109 ...................................................................................................................... 7

**Rules**

Rule 12(b)(6) ............................................................................................................................. 2, 3

**PRELIMINARY STATEMENT**

Despite being placed on notice of the deficiencies in their complaint, Plaintiffs Ester Martinez ("Martinez"), Leria Perez Zapata ("Zapata"), and Mateo Guzman ("Guzman") (Martinez, Zapata, and Guzman collectively hereinafter the "Plaintiffs" or, singularly, "Plaintiff")) have failed to meet the long known and well-established pleading standard to state a claim pursuant to either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

As such, Defendants Atlantis Super Wash Center Inc. ("Atlantis"), Clean City Laundry Inc. ("Clean City") (Atlantis and Clean City hereinafter the "Corporate Defendants"), and Nick Mira (hereinafter "Mira" or the "Individual Defendant") (the Corporate Defendants and the Individual Defendant collectively hereinafter the "Defendants")[1] respectfully move to dismiss Plaintiffs' first amended complaint ("FAC") for failure to state a claim upon which relief can be granted.

Preliminarily, and notably, only Martinez asserts a claim under the FLSA for overtime. Martinez fails to state a claim for overtime wage violations under the FLSA, and the Plaintiffs fail to state a claim for relief for overtime wages and unpaid minimum wages under the NYLL.

Martinez's allegations that she regularly worked in excess of forty (40) hours per week is insufficient, without any supporting factual context, such as how many hours she actually worked in *a given week* or how much she *was actually paid* during *that week* compared to what any of them are entitled to under the law. The general allegations in the complaint are simply insufficient to state a claim. Indeed, any one reviewing the complaint is unable to make heads or tails of whether Martinez was not properly paid under the FLSA.

---

[1] Defendant Michael Dinardi ("Dinardi") has not appeared in this case and is not represented by undersigned counsel.

Although Martinez alleges in the Complaint that she generally worked anywhere from 47.5 to 73.5 hours per week and was generally paid $13.00 to $15.00 per hour, this type of generalized and conclusory pleading fails to state a claim upon which relief can be granted because it is impossible to calculate how many hours and how much in wages any one Plaintiff earned in, at least, *a single week* to ascertain the existence of a violation of the FLSA and/or the NYLL.  As such, the FAC must be dismissed for failure to state a claim.

Finally, the Individual Defendant did not employ Plaintiffs, and the conclusory allegations in the Complaint with respect to Mira's alleged "employer" status are insufficient to state a claim for individual liability for FLSA and/or NYLL violations under the economic realities test. Therefore, dismissal of all claims against Mira is warranted.

Defendants thus respectfully submit this motion to dismiss should be granted on the ground that the Plaintiff's claims under the FLSA and NYLL fail to state a claim for relief, and leave to replead should be denied because Plaintiffs were put on notice of the deficiencies in the complaint and failed to correct them.

Alternatively, the federal claims must be dismissed and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## STANDARD OF REVIEW

To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A claim has "facial plausibility" only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98 (2d Cir. 2012).

"Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusion." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will [therefore] not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)) (internal citation and quotation marks omitted in original).

Although the complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678. Nor will a pleader's "formulaic recitation of the elements of a cause of action" be considered adequate to overcome a Rule 12(b)(6) motion. See Twombly, 550 U.S. at 555. While the Court must limit itself to the facts alleged in the complaint and any documents attached to the complaint as exhibits or incorporated by reference therein, Courts may also look to matters of which judicial notice may be taken in determining a motion for judgment on the pleadings. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715 (2014).

As set forth above and further below, the FAC falls woefully short of properly pleading Plaintiffs' claims. As a result, the Complaint must be dismissed.

**FACTS**

On June 22, 2023, Plaintiffs filed the instant lawsuit. See ECF Docket Entry 1 (hereinafter "Compl."). Following Defendants' initial letter motion for a pre-motion conference, Plaintiffs amended their complaint. See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 3, Exhibit ("Ex.") A; see also ECF Docket Entry 11 (hereinafter the "Compl.").

The FAC asserts causes of action under: (i) the FLSA for unpaid overtime wages for Martinez only;[2] (ii) the NYLL for unpaid overtime wages; and (iii) the NYLL for unpaid minimum wages.  See Compl. ¶¶ 124-152.

In the FAC, Martinez generally worked anywhere from 47.5 to 73.5 hours each week and was paid $13.00 to $15.00 per hour, but was not compensated for all hours worked.  See Id. at ¶¶ 75-93 ("Defendants failed to pay Martinez overtime compensation for all hours that she worked in excess of 40 each week").

Martinez altogether fails to identify a single week in which she worked a set amount of hours and received a set amount of pay which would establish whether or not she was properly paid under the FLSA, which is required under the pleading standards set forth by the Second Circuit nearly a decade ago.

Jarringly, Martinez fails to make these requisite allegations despite the fact that she alleges she worked for Defendants from May 15, 2021 through June 14, 2023 and first filed her complaint on June 22, 2023, just eight (8) days later.  See Compl. ¶ , and filed his original complaint in April 2022, a short three (3) months later (see Id.).

Martinez fails to allege how much she earned in any particular week, nor does she allege how many hours she worked in any particular week, opting instead to allege that she was not paid overtime for hours worked in excess of forty (40) hours per week, and that she worked approximately 47.5, 54, or 73.5 hours per week every week depending on the time period, without offering any factual details in support.  Id. at ¶¶ 79-84.

---

[2] Martinez was the only Plaintiff who allegedly was employed by Defendants during the two- or three-year statute of limitations period.  Because Plaintiffs Zapata and Guzman each separated from their alleged employment with Defendants in March 2020, they are barred from pursuing any claims under the FLSA due to the statute of limitations.  As such, only the allegations concerning Martinez are relevant to this Court's analysis of whether an FLSA claim is stated.

**ARGUMENT**

**I.  THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE AN FLSA CLAIM**

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)).  The NYLL adopts this same standard.  See 12 NYCRR § 142–2.2 (2011).  The minimum wage under federal law is $7.25 per hour, and the minimum overtime wage rate is therefore $10.88 per hour.  See 29 U.S.C. § 206(a)(1)(C).

As set forth below, Plaintiffs have altogether failed to state a plausible FLSA claim.

a.  Martinez's Overtime Claims under the FLSA Must Be Dismissed

In order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [she] worked at least 40 hours and also worked *uncompensated* time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (emphasis added) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work); see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek").  Martinez's allegations do not meet this standard; she fails to allege a single workweek where either worked over forty (40) hours and that there was uncompensated time in excess of forty (40) hours.

In Nakahata, the Second Circuit discussed Lundy and recounted how the plaintiff in Lundy pled the number of hours the plaintiffs were typically scheduled to work in a week and thus failed to state an FLSA overtime claim; on that same basis, the Court in Lundy dismissed the FLSA overtime claim. See 723 F.3d at 200-201. This is no different from the FAC in the instant case, where Martinez alleges that she generally worked a total of approximately 47.5 to 73.5 hours per week.

In DeJesus v. HF Mgt. Services, LLC, the Second Circuit in dismissing the FLSA claim, held that an allegation that a plaintiff "regularly worked" more than forty (40) hours a week and was not properly compensated – similar to that alleged in the FAC here – was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." See 726 F.3d 85, 89 (2d Cir. 2013).

In the FAC here, many of these "borderline phrases" are used, including, but not limited to: (i) Defendants did not pay Martinez an overtime premium for *any of the hours she worked in excess of forty (40) per week* at a rate of one-and-one-half times her regular rate of pay (Compl. ¶ 90) (emphasis added); (ii) Defendants employed Martinez from *on or about* May 15, 2021 until *on or about* June 14, 2023 (Compl. ¶ 77) (emphasis added); and (iii) "from *on or about* May 15, 2021 until in or about August 2021, Martinez worked …" (Compl. ¶ 79) (emphasis added).

Recently, the Second Circuit held that a Complaint which alleged that a plaintiff "regularly worked in excess of 40 hours per week" and that in a "typical week" the plaintiff would work "approximately 70 [sic] hours", was insufficient to state an FLSA claim. See Paleja v. KP NY Operations LLC, 2022 U.S. App. LEXIS 3399 at **3-4 (2d Cir. Feb. 8, 2022) (summary order).

6

In this case, the FAC should be analyzed in the same exact manner as that described above because it is no different, as can be readily seen from the Complaint's conclusory allegations as to the hours that Plaintiff generally worked.

Indeed, the Complaint entirely fails to identify a single week in which Martinez worked and was not paid at overtime compensation. This is because an employee's average hourly wage is calculated "by dividing his total remuneration for employment ... in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." See 29 C.F.R. § 778.109. And it follows, logically, that because a plaintiff needs to allege *some uncompensated time* in excess of forty (40) hours, it is not enough to merely allege that a plaintiff generally received an hourly wage without alleging how much that plaintiff earned in a single week compared to how many hours that plaintiff worked. As such, the allegations in the FAC are not enough to plead a claim under the FLSA or the NYLL. See Lundy, Nakahata, DeJesus, and Paleja, *supra*.

As such, like the complaints in Lundy, Nakahata, DeJesus and Paleja, Martinez similarly fails to state a claim under the FLSA and the NYLL, and thus this claim must be dismissed.

## II.     DEFENDANT MIRA DID NOT EMPLOY PLAINTIFF

The complaint must be dismissed against Mira, an individual Defendant.

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g).

7

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). "Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104. The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)). These factors are not exclusive and no one factor is dispositive. Id. at 105;[3] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question … with an eye to the economic reality presented by the facts of each case."); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing FLSA claim against Human Resources officer because allegations presuming control based on that officer's job title did not sufficiently allege his control over plaintiff); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees").

---

[3] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009), citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14.  The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer – is insufficient to plausibly show that [she] was their employer for purposes of the FLSA." Id. at *14-15.

In the instant case, Plaintiffs similarly make conclusory allegations in the FAC with respect to the "employer" status of Mira, which are insufficient to state a claim under the economic realities test and warrant dismissal. These boilerplate allegations simply state that Mira "participated in the decision to" hire and fire Plaintiffs, "participated in directing Plaintiffs' job duties and responsibilities," "participated in the supervision of Plaintiffs' job duties and responsibilities," and "participated in deciding" the manner in which Plaintiffs were paid and the compensation Plaintiffs were paid.  See Compl. ¶¶ 56-62.

But Plaintiffs' "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. Twombly, 550 U.S. at 555.  Plaintiffs do not allege *how* Mira *actually* asserted any of the foregoing alleged conduct over them so as to state a claim under the economic realities test.  In other words, Plaintiffs do not allege that Mira *actually* hired or fired any Plaintiff, set any Plaintiff's schedule, or determined the compensation of Plaintiff.  This is not enough to establish individual liability as an employer, and is insufficient to state a claim under the economic realities test.  See Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017) (dismissing claims against all but one (1) individual defendant since there was "absolutely no evidence that any of the other co-defendants …, had anything to do with the Plaintiff's employment" including interviewing, hiring, or having anything to do with employment or wages).

9

Accordingly, Plaintiffs' claims against Mira must be dismissed.

### III. PLAINTIFF MUST BE DENIED LEAVE TO AMEND THE COMPLAINT

Leave to amend a pleading may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted).

Here, Plaintiffs has been provided with an opportunity to remedy the above deficiencies in the pleading and has once amended the complaint in response to Defendants' initial letter motion for a pre-motion conference in anticipation of the instant motion. See ECF Docket Entries 1, 8, and 11. For Plaintiff to now receive yet another opportunity to amend is futile and will only cause undue prejudice to Defendants.

Further, because the pleading deficiencies complained of here were set forth in Defendants' pre-motion conference letter seeking to file a motion to dismiss the Complaint, they were not unforeseen such that leave should be granted once more to amend, given that it is indisputable that Plaintiff was placed on notice of these deficiencies and has failed to cure them. See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., 849 Fed. Appx. 289, 296 (2d Cir. 2021) ("And Banco Safra had ample opportunity to amend its complaint to cure the … deficiencies. It is thus "unlikely that the deficiencies ... were unforeseen") (citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014)).

Moreover, a district court is not required to grant leave to amend when it grants a motion to dismiss based on pleading deficiencies, as the Court should do in the instant matter. See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014).

Accordingly, granting leave to amend must be denied.

## IV. ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFFS' NYLL CLAIMS

The alleged jurisdictional basis over Plaintiff's state law claims against Defendants is supplemental jurisdiction, under 28 U.S.C. § 1367. See Docket Entry 11 at ¶ 6.

However, since the only FLSA claim should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims. See Cain v. Mercy Coll., 2022 U.S. App. LEXIS 6590 at **4-5 (2d Cir. March 15, 2022) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims); see also Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

Also, the Court can, and should, *sua sponte* decline to exercise supplemental jurisdiction. See, e.g., Rothenberg v. Daus, 2015 U.S. Dist. LEXIS 39764 at **33-34, fn. 12 (S.D.N.Y. March 27, 2015) ("plaintiffs' contention that the court may not decline to exercise supplemental jurisdiction *sua sponte* contravenes black letter law"), citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) ("[T]he Court *sua sponte* declines to exercise supplemental jurisdiction over the remaining [state law] claims against [defendants]"), Boggs v. Die Fliedermaus, LLP, 2004 U.S. Dist. LEXIS 12883, at *3 (S.D.N.Y. July 7, 2004), Manway Constr. Co. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

Here, the Court should decline to exercise supplemental jurisdiction and should instead dismiss the state claims in the Complaint.  Indeed, Plaintiffs have already filed a separate state court action.[4]  As such, those claims may be properly heard there.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed.

Dated:  Lake Success, New York
         January 12, 2024

**MILMAN LABUDA LAW GROUP PLLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
David Aminov, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com
daminov@mllaborlaw.com

*Attorneys for Defendants*
*Atlantis Super Wash Center Inc.,*
*Clean City Laundry Inc., and*
*Nick Mira*

**VIA ECF**
The NHG Law Group, P.C.
Attn: Justin M. Reilly & Keith E. Williams, Esqs.
4242 Merrick Road
Massapequa, NY 11758
justin@nhglaw.com
keith@nhglaw.com

*Attorneys for Plaintiffs*
*Ester Martinez,*
*Leria Perez Zapata, and*
*Mateo Guzman*

---

[4] See Martinez v. Atlantis Super Wash Center Inc., et al.; Index No.: 531724/2023 (Kings County Supreme Court) (NYSCEF Docket Entry 1).  Federal courts may take judicial notice of the existence of state court documents. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

12