

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: EDNY ECF**  February 27, 2024

Honorable Judge Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Martinez, et al. v. Atlantis Super Wash Center, Inc., et al.*; 23-cv-04667 (CBA)(PK)

Dear Hon. Judge Amon,

I represent Plaintiffs in this FLSA action. I write in response to Defendants' request for a two (2) week extension of the deadline to serve a reply brief and file their motion to dismiss. The original briefing schedule set by Your Honor required Defendants to serve their reply brief and file the entire motion on February 26, 2024. *See* December 14, 2023 Electronic Order. Plaintiffs consented to a one (1) week extension of time given the circumstances of the request.

On January 31, 2024, I was informed by Matthew Brown, Esq. at Milman Labuda Law Group PLLC, attorneys of record for Defendants, that Emanuel Kataev had left the firm a week prior. *See* Ex. 1. Mr. Kataev never informed anyone at my office that he was leaving Milman Labuda Law Group or that he had joined (or started) his own firm. On February 6, 2024, I was informed by Mr. Brown that Milman Labuda Law Group would not be keeping the instant case and that, instead, Mr. Kataev would continue handling the matter with his new firm. *See* Ex. 2. Mr. Kataev still had not informed anyone at my office, nor had he filed a change of attorney stipulation with the Court. On February 12, 2024, I served Plaintiff's opposition on Milman Labuda Law Group, as it was still the attorneys of record for Defendants. *See* D.E. 18. I still had not heard anything from Mr. Kataev. I filed a certificate of service on February 19, 2024. *See* D.E. 18. The ECF notification reflects that Mr. Kataev had changed his email address by that point and, therefore, he received the certificate of service when it was filed. *See* Ex. 3. He still failed to reach out to me or my office. Finally, the business day before his reply was due, Friday, February 23, 2024, he informed me via email of his intention to file substitution paperwork with the Court on or before February 26, 2024, the business day his reply was due. *See* Ex. 3. Despite his unreasonable delay, lack of communication, and refusal to provide any form of explanation, we consented to a one (1) week extension out of courtesy.

Plaintiffs object to a two (2) week extension. This is a straightforward motion that does not require a full two (2) weeks to draft a reply brief. Further, the necessity for an extension is entirely of defense counsel's own doing. As I indicated in my email to him (to which he did not respond), had he communicated in any way, we could have sent him a courtesy copy of Plaintiffs' opposition and he would have had ample time to submit his reply brief. *See* Ex. 4. He chose to not do anything on this case between the time he left Milman Labuda Law Group until approximately one (1) month later when he emailed me on the eve of his reply being due to request an extension. This dilatory approach should not be rewarded.

Accordingly, Plaintiffs respectfully submit that Defendants should be afforded a brief one-week extension, up to and including March 4, 2024, to serve their reply brief and file their motion papers.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Keith E. Williams, Esq.

cc: all counsel of record, via ECF.