UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTER MARTINEZ, LERIA PEREZ ZAPATA, and
MATEO GUZMAN,

                                      **Case No.:** 1: 23-cv-4667 (CBA) (PK)

                Plaintiffs,

      -against-

ATLANTIS SUPER WASH CENTER INC., CLEAN
CITY LAUNDRY INC., MICHAEL DINARDI, and
NICK MIRA,

                Defendants.
------------------------------------------------------------------X

**DEFENDANTS' ATLANTIS SUPER WASH CENTER INC., CLEAN CITY LAUNDRY INC., AND NICK MIRA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

                                      **SAGE LEGAL LLC**
                                      Emanuel Kataev, Esq.
                                      18211 Jamaica Avenue
                                      Jamaica, NY 11423-2327
                                      (718) 412-2421 (office)
                                      (718) 489-4155 (facsimile)
                                      (917) 807-7819 (cellular)
                                      emanuel@sagelegal.nyc

                                      *Attorneys for Defendants*
                                      *Atlantis Super Wash Center Inc.,*
                                      *Clean City Laundry Inc.,*
                                      *and Nick Mira*

**VIA ECF**
The NHG Law Group, P.C.
Attn: Justin M. Reilly, Esq.
4242 Merrick Road
Massapequa, NY 11758
justin@nhglaw.com

*Attorneys for Plaintiffs*
*Ester Martinez,*
*Leria Perez Zapata, and*
*Mateo Guzman*

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ...................................................................................1

II.  ARGUMENT .................................................................................................................1

    A.  **Plaintiffs' First Amended Complaint Fails to State a Claim under the FLSA** ...................................................................................................................1

    B.  **The Allegations Against Mira are Insufficient to State a Claim under the FLSA** ...........................................................................................................7

    C.  **Plaintiffs Should be Denied Leave to Amend** ........................................8

    D.  **This Court Should Decline to Exercise Supplemental Jurisdiction** ...................9

III. CONCLUSION ............................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

Aguilar v. New Dairydel, Inc.,
    2023 WL 5835829 (S.D.N.Y. Sept. 8, 2023) ....................................................................... 8

Anderson v. Mt. Clemens Pottery Co.,
    328 U.S. 680 (1946) ............................................................................................................. 2

Arnold v. Quality Care Nursing Serv.,
    762 F. Supp. 1182 (M.D. Pa. 1991) ................................................................................... 10

Ayala v. Looks Great Servs., Inc.,
    No. 14-CIV.-6035, 2015 WL 4509133 (E.D.N.Y. July 23, 2015) ...................................... 6

Bay Ridge Operating Co. v. Aaron,
    334 U.S. 446 (1948) ............................................................................................................. 3

Dejesus v HF Mgt. Services, LLC,
    726 F.3d 85 (2d Cir. 2013) .................................................................................................. 7

Dunlop-McCullen v. Pascarella,
    No. 97-CIV.-195 (PKL) (DFE), 2002 WL 31521012 (S.D.N.Y. Nov. 13, 2002) ............ 10

Everett v. Grady Mem. Hosp. Corp.,
    No. 15-CIV.-173 (SCJ), 2016 WL 9651268 (N.D. Ga. May 12, 2016) ............................. 5

Everett v. Grady Mem. Hosp. Corp.,
    703 Fed. Appx. 938 (11th Cir. 2017) .................................................................................. 5

Germano v. Dzurenda,
    No. 09-CIV.-1316, 2011 WL 1214435 (D. Conn. Mar. 28, 2011) ..................................... 9

Gisomme v. Healthex Corp.,
    2014 WL 2041824 (E.D.N.Y. May 15, 2014) .................................................................... 8

Gordon v. Blinds to Go (U.S.) Inc.,
    No. 22-CIV.-7266 (DLI) (TAM), 2023 WL 6389757 (E.D.N.Y. Sept. 30, 2023) ............. 6

Gorman v Consol. Edison Corp.,
    488 F.3d 586 (2d Cir. 2007) ........................................................................................... 2, 3

Herrera v. Albion Venue, LLC,
    No. 22-CIV.-7791 (DLI) (PK), 2023 WL 6308052 (E.D.N.Y. Sept. 28, 2023) ................. 7

Herrera v. Comme des Garcons, Ltd.,
    84 F.4th 110 (2d Cir. 2023) ........................................................................................... 7

Hudson v. St. Joseph's Hospital Health Ctr.,
    No. 5:21-CIV.-935 (GLS) (TWD), 2023 WL 356165 (N.D.N.Y. Jan. 23, 2023) .............. 5

Jaquith v. Newhard,
    No. 91-CIV.-7503 (PKL), 1993 WL 127212 (S.D.N.Y. Apr. 20, 1993) .......................... 10

Lee v. Korea Central Daily News, Inc.,
    2021 WL 7906541 (E.D.N.Y. Oct. 18, 2021) ................................................................... 8

Lewis v. Sieminski,
    No. 08-CIV.-728, 2010 WL 3827991 (D. Conn. Sept. 22, 2010) ...................................... 9

Lopes v. Heso, Inc.,
    No. 16-CIV.-6796 (MKB) (RML), 2017 WL 4863084 (E.D.N.Y. Oct. 27, 2017) .......... 10

Lundy v. Catholic Health System of Long Island, Inc.,
    711 F.3d 106 (2d Cir. 2013) ........................................................................................ 5, 7

Melvin v. Cty. of Westchester,
    No. 14-CIV.-2995, 2016 WL 1254394 (S.D.N.Y. Mar. 29, 2016) .................................... 9

Nakahata v. New York-Presbyterian Healthcare System, Inc.,
    723 F.3d 192 (2d Cir. 2013) ........................................................................................ 5, 7

Overnight Motor Transp. Co. v. Missel,
    316 U.S. 572 (1942) ......................................................................................................... 5

Perkins v. 199 SEIU United Healthcare Workers E.,
    73 F. Supp. 3d 278 (S.D.N.Y. 2014) ............................................................................. 6-7

Rennalls v. Alfredo,
    No. 12-CIV.-5300, 2015 WL 5730332 (S.D.N.Y. Sept. 30, 2015) ................................... 9

Spiteri v. Russo,
    No. 12-CIV.-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ..................................... 6

Walling v. Youngerman–Reynolds Hardwood Co.,
    325 U.S. 419 (1945) ......................................................................................................... 3

Watkins v. First Student, Inc.,
    No. 17-CIV.-1519 (CS), 2018 WL 1135480 (S.D.N.Y. Feb. 28, 2018) ........................... 5

**Statutes**

28 U.S.C. § 1367 ............................................................................................................................. 10

**Regulations**

29 CFR § 778.108 ............................................................................................................................ 3

29 CFR § 778.110 ............................................................................................................................ 4

29 CFR § 778.113 ............................................................................................................................ 3

I.  **PRELIMINARY STATEMENT**

Defendants Atlantis Super Wash Center Inc. ("Atlantis"), Clean City Laundry Inc. ("Clean City") (Atlantis and Clean City collectively hereinafter the "Corporate Defendants"), and Nick Mira (hereinafter "Mira" or the "Individual Defendant") (the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Plaintiffs Ester Martinez ("Martinez"), Leria Perez Zapata ("Zapata"), and Mateo Guzman's ("Guzman") (Martinez, Zapata, and Guzman collectively hereinafter the "Plaintiffs" or, singularly, "Plaintiff") opposition fails to provide any basis to deny the instant motion to dismiss. The conclusory allegations that Plaintiffs were paid at straight-time rates for overtime hours are insufficient as a matter of law according to well-established jurisprudence to state a claim under the Fair Labor Standards Act ("FLSA"). Further, it is undisputed that only one Plaintiff – Martinez – asserts a claim for overtime under the FLSA.

For the reasons set forth in Defendants' moving papers, and those below, Martinez's FLSA claim fails and must be dismissed, with the Plaintiffs' state law claims relegated to state court where some of those claims already reside.

II.  **ARGUMENT**

    A.  **Plaintiffs' First Amended Complaint Fails to State a Claim under the FLSA**

Plaintiffs argue that employers have been admonished by the Supreme Court of the United States ("SCOTUS") for complaining that "damages alleged by employees for wages lacked 'the exactness and precision of measurement that would be possible had [the employer] kept records." However, this argument is misplaced.

This is because the complaint in this case is insufficient to state a claim under the FLSA. Moreover, the SCOTUS decision in <u>Anderson v. Mt. Clemens Pottery Co.</u> was made following judgment after a hearing on the merits, not decided on a motion to dismiss for failure to state a claim. <u>See</u> 328 U.S. 680, 684 (1946) ("After hearing testimony and making findings, the master recommended that the case be dismissed since the complaining employees 'have not established by a fair preponderance of evidence' a violation of the Act by respondent").

The authority Plaintiffs cite for the proposition that "here we are listening to another employer complain that its former employees have not pleaded with particularity sufficient facts to plausibly allege an overtime claim" is therefore as inapposite as their argument is misguided.

Plaintiffs also engage in arguments over semantics concerning the characterization of the allegations in their complaint; however, the pleadings are undeniably general and fail to identify a single week, in isolation, as required, where there exists uncompensated time for hours worked in excess of forty (40) hours per week.

The pleadings only generally state Martinez's typical or regular workweek with allegations of the various hours she generally worked with no specific week in mind. This is conclusory.

Similarly, the pleadings only generally state Martinez earned $13.00, $14.00, or $15.00 per hour without stating the aggregate amount of wages she actually earned and was paid in any single week. Such allegations are indefinite and require speculation as to the amount of wages earned, and – more importantly – the actual amount of wages paid.

The allegations in the complaint are also insufficient to state a claim under the FLSA because it fails to plead whether the hourly rates specified were actually *agreed to* between Martinez and the Defendants.

Indeed, the complaint merely pleads that the Defendants *paid* Martinez the aforementioned hourly rates without specifying whether those rates were based upon any agreement.  See Gorman v Consol. Edison Corp., 488 F.3d 586, 595 (2d Cir. 2007) (holding that the FLSA generally requires that an employee who works more than forty hours in a week be paid for the excess time at a rate "not less than one and one-half times the regular rate at which he is employed" and that the regular rate is "all remuneration for employment paid to ... the employee"); see also Walling v. Youngerman–Reynolds Hardwood Co., 325 U.S. 419, 424-25 (1945) (holding that "the hourly rate actually paid the employee for the normal, non-overtime workweek," and "must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments") (emphasis added).

Applying the holdings of Gorman and Walling, it is incontrovertible Martinez failed to allege with a sufficient degree of specificity that she worked overtime hours for which she was not compensated.

Instead, Martinez relies on the conclusory inference that she was paid $13.00, $14.00, and $15.00 per hour for all hours worked, *and that these rates were agreed upon* – which the complaint entirely fails to allege – to avoid dismissal for failure to state a claim.

This conclusory inference is fatal to Martinez's FLSA claim.  See 29 CFR § 778.113(a) (providing that, to calculate "the regular hourly rate of pay, on which time and a half must be paid," the workweek-equivalent salary is divided "by the number of hours which the salary is *intended to compensate*") (emphasis added).   The pleadings here are bare as to the parties' intentions.

As the Code of Federal Regulations ("Code") provide:

> The 'regular rate' of pay under the Act *cannot be left to a declaration by the parties* as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract (Bay Ridge Operating Co. v. Aaron, 334 U.S. 446).

3

> The Supreme Court has described it as *the hourly rate actually paid the employee for the normal, nonovertime workweek* for which he is employed — an "actual fact" (Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419). … As stated by the Supreme Court in the Youngerman-Reynolds case cited above: '*Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation*, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts.

See 29 C.F.R. 778.108 (emphasis added). Similarly, the provision of the Code that Plaintiffs rely on, 29 C.F.R. § 778.110, provides that the hourly rate is the "regular rate" if the employee is employed *solely* on the basis of a single hourly rate. See 29 C.F.R. § 778.110(a) (emphasis added). There are no allegations that Martinez was paid solely a single hourly rate; to the contrary, Plaintiffs pled that Martinez was paid multiple hourly rates, such that this provision does not apply. See ECF Docket Entry 11 at ¶ 86 ("From in or about April 2022 until on or about June 14, 2023, *Defendants paid Martinez $15.00 an hour for twenty (20) hours of work* by check *and then $14.00 an hour in cash* for the remaining hours worked, which is less than the $15.00 an hour New York statutory minimum wage rate") (emphasis added).

      Accordingly, Martinez's FLSA claim rests on the mistaken notion that $13.00, $14.00, and $15.00 per hour was her regular rate under the law when there is no allegation whatsoever that the parties agreed to these rates. Factoring in that she was paid at multiple hourly rates, the complaint is deficient in pleading an overtime claim because no proper – indeed, only a conclusory – inference can be drawn that there existed uncompensated time for hours worked in excess of forty (40) hours per week. To that end, Plaintiffs' recitation of the ultimate burden of proof at trial is as unavailing as it is irrelevant to the question before this Court: whether Martinez has properly pled an FLSA claim. For the reasons set forth in Defendants' moving papers and those submitted here, Martinez has failed to do so.

4

Similarly, Plaintiffs argument that Martinez is not required to plead a week-by-week breakdown is a red herring, in that Defendants only seek an allegation of just one (1) week consisting of the total hours actually worked and the total remuneration actually paid to Martinez, as is required to state a claim under the FLSA. Plaintiffs have failed to do so, and as such, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

A plethora of authority supports Defendants' position.

"For claims alleging overtime violations under FLSA and NYLL, to survive a motion to dismiss, 'a plaintiff must sufficiently allege [forty] hours of work in a given work week *as well as some uncompensated time* in excess of the [forty] hours.'" See Hudson v. St. Joseph's Hospital Health Ctr., No. 5:21-CIV.-935 (GLS/TWD), 2023 WL 356165, at *3 (N.D.N.Y. Jan. 23, 2023) (quoting Lundy v. Catholic Health System of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013)).

Furthermore, "'plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'" Id. (quoting Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 201 (2d Cir. 2013)). On the other hand, "'[a]llegations that the plaintiff 'typically,' 'occasionally,' or 'often' worked certain shifts' are not sufficient to state a plausible claim because such allegations 'invite[ ] speculation.'" Id. (quoting Watkins v. First Student, Inc., No. 17-CIV.-1519 (CS), 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018)).

Again, because Plaintiffs failed to identify what compensation was intended to compensate Martinez for the regular workweek (and also failed to plead that the hourly rates were agreed upon), the complaint must be dismissed for failure to state a claim. See Everett v. Grady Mem. Hosp. Corp., No. 15-CIV.-173 (SCJ), 2016 WL 9651268, at *26 (N.D. Ga. May 12, 2016), aff'd, 703 Fed. Appx. 938 (11th Cir. 2017) ("The fact that the employer has failed to comply with the

5

FLSA in not paying overtime does not "alter the employee's regular rate of pay, which under [Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942)] *turns on what the parties agreed the employee would be paid for the hours he actually worked*") (emphasis added). As such, because there are no allegations concerning what Defendants and Martinez agreed to regarding her compensation, the Plaintiffs' complaint fails to state an overtime claim under the FLSA.

The Hon. Dora L. Irrizary, U.S.D.J. ("Judge Irrizary") recently dealt with a complaint similar to the one in this case and properly dismissed the complaint there. In Gordon v. Blinds to Go (U.S.) Inc., Judge Irrizary held:

> Plaintiff claims he 'was paid an effective hourly rate of about $30.00 an hour' for 40 hours of work per week, but worked about 50-55 or more hours each week, sometimes 5 or more days per week without being paid overtime wages. … Plaintiff presumably has available to him information as to the wages he was paid per hour and the number of hours worked to be able to set forth *with more specificity how much he was paid hourly and weekly* and how many days and hours he worked per week. None of this specific information was set forth in the Complaint. Plaintiff also does not provide any further facts or detail that would provide context for the overtime hours worked *or the structure of the salary received* such that the Court can determine that there [exists] uncompensated hours in excess of 40 hours. … These bare bones allegations are insufficient to meet the pleading standard for overtime claims as set forth in Lundy and Dejesus. Plaintiff's generalized allegations require the Court to engage in the sort of impermissible speculation precluded by the Second Circuit in Lundy.

See No. 22-CIV.-7266 (DLI) (TAM), 2023 WL 6389757, at *4 (E.D.N.Y. Sept. 30, 2023) (emphasis added); see also Spiteri v. Russo, No. 12-CIV.-2780, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (dismissing case where "plaintiff has only generally alleged that '[d]uring the time relevant herein, Plaintiff worked approximately fifty (50) to (60) hours per week' and then alleged an aggregate number of hours worked on each case" because the plaintiff conceded he was paid, and thus the Court could not determine which hours were not paid and whether any

6

unpaid hours qualify for overtime); Ayala v. Looks Great Servs., Inc., No. 14-CIV.-6035, 2015 WL 4509133, at *8 (E.D.N.Y. July 23, 2015) (Spatt, J.) (dismissing complaint merely alleging that "[t]hroughout [the Plaintiffs'] employment by [the] Defendants, [the] Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek"); Perkins v. 199 SEIU United Healthcare Workers E., 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014) (dismissing complaint only alleging that plaintiff "was assigned and actually worked more than 40 hours per week").

Finally, Defendants address the Second Circuit's decision in Herrera v. Comme des Garcons, Ltd., 84 F.4th 110, 114 (2d Cir. 2023), which they respectfully submit is inapplicable here for several reasons. As an initial matter, the plaintiffs in Herrera were allegedly misclassified, an allegation that is missing in the complaint here. In addition, the Second Circuit in Herrera reaffirmed the holdings of Nakahata, Lundy, and DeJesus such that Defendants' arguments here have not been upended by Herrera. Accordingly, Martinez fails to state an FLSA claim.

### B. The Allegations Against Mira are Insufficient to State a Claim under the FLSA

Plaintiffs rely on sparse allegations and non-binding authority for the proposition that an individual with alleged operational control qualifies as an employer under the FLSA. However, as an initial matter, an allegation that a defendant is an "owner" of a company "is insufficient' by itself, unless the [allegations establish that he or she] has 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" See Herrera v. Albion Venue, LLC, No. 22-CIV.-7791 (DLI) (PK), 2023 WL 6308052, at *5 (E.D.N.Y. Sept. 28, 2023) ("Here, Plaintiff has failed to allege the requisite control. Allegations, such as the ones here, 'that [a defendant has] the power to hire, fire, set wages, set work conditions, and maintain employment records,' are 'conclusory and inadequate to establish that [a defendant is] an employer' because they merely 'recit[e] in conclusory fashion' the factors set forth in the economic reality test").

7

Such allegations provide no facts "from which it could be inferred that [the Individual Defendant] had the power to hire or fire employees, supervise or control the work schedules of the employees, determine rates of pay, maintain employment records, or otherwise exercise operational control over the workplace." Id. (citation omitted).

The remaining allegations, i.e., that Mira is responsible for overseeing the daily operations and has power and authority over all the final personnel and payroll decisions also are insufficient because "conclusory allegations of operational involvement" and "alleged general power over various employment decisions [do] not suffice." See Gisomme v. Healthex Corp., 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) (finding allegations of, *inter alia*, "significant managerial control over operations, policies, practices, and procedure" insufficient); see also Lee v. Korea Central Daily News, Inc., 2021 WL 7906541, at *2 (E.D.N.Y. Oct. 18, 2021) (general allegations of "authority to control plaintiffs' work hours and pay" do not suffice); Aguilar v. New Dairydel, Inc., 2023 WL 5835829, at *3 (S.D.N.Y. Sept. 8, 2023) (finding allegation that defendant would "instruct" corporate defendant's employees "how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day" insufficient).

The allegations in Plaintiffs' amended pleading set forth minimal, if any, factual detail sufficient to support a finding that Mira controlled Martinez's employment in the requisite manner.

Accordingly, the complaint must be dismissed as to the Individual Defendant Mira.

### C. Plaintiffs Should be Denied Leave to Amend

Plaintiffs have already been provided an opportunity to amend the pleadings and have failed to cure the deficiencies in their complaint. For the reasons set forth in Defendants' moving papers, any amendment would be futile.

Contrary to their arguments in opposition, Plaintiffs have repeatedly failed to cure their problematic pleadings; their First Amended Complaint did not cure the deficiencies cited, and they failed to cross-move to amend the complaint in response to the instant motion to dismiss.

Indeed, Plaintiffs' misplaced reliance on a provision of the Code that does not apply to Martinez should have been cured from the beginning to avoid the instant motion practice.

Instead, Plaintiffs have seen fit to not only dig their heels in, but engage in vitriolic rhetoric that fails to carry the day in evading dismissal of this case. Justice does not require leave to amend the pleadings in such circumstances.

### D. This Court Should Decline to Exercise Supplemental Jurisdiction

Plaintiffs concede that this Court should decline to exercise supplemental jurisdiction to the extent that Martinez's FLSA claim is dismissed.

Defendants respectfully submit that this Court should, in any event, decline to exercise supplemental jurisdiction over Plaintiffs' Zapata and Guzman's claims, all of which fall under the New York Labor Law, because there is no basis for their claims to remain in this case. See Melvin v. Cty. of Westchester, No. 14-CIV.-2995, 2016 WL 1254394, at *19 (S.D.N.Y. Mar. 29, 2016) (declining to exercise supplemental jurisdiction over claims against certain defendants where all federal claims against those defendants had been dismissed and Plaintiff did not allege the defendants "had any role in the particular events that gave rise to the surviving § 1983 claims against [the remaining defendants]"); Rennalls v. Alfredo, No. 12-CIV.-5300, 2015 WL 5730332, at *12 (S.D.N.Y. Sept. 30, 2015) (dismissing state law claims against certain defendants against whom no federal claims remain, while maintaining jurisdiction over federal and state claims brought against the remaining defendants); Germano v. Dzurenda, No. 09-CIV.-1316, 2011 WL 1214435 at *20 (D. Conn. Mar. 28, 2011) (dismissing without prejudice state-law claims against

12 defendants once the federal claims against those same 12 defendants were dismissed, even though federal claims remained viable against others in the case); Lewis v. Sieminski, No. 08-CIV.-728, 2010 WL 3827991, at *9 (D. Conn. Sept. 22, 2010) (declining to exercise supplemental jurisdiction over state law claims against certain defendants after dismissing the federal claims against them, even though federal claims against another party continued).

"While the pendent parties are usually defendants ..., there is generally no reason to distinguish between plaintiffs and defendants when analyzing supplemental jurisdiction in federal question cases." See Dunlop-McCullen v. Pascarella, No. 97-CIV.-195 (PKL) (DFE), 2002 WL 31521012, at *10 (S.D.N.Y. Nov. 13, 2002) (citing Arnold v. Quality Care Nursing Serv., 762 F. Supp. 1182, 1185 (M.D. Pa. 1991)); see Jaquith v. Newhard, No. 91-CIV.-7503 (PKL), 1993 WL 127212, at *16 (S.D.N.Y. Apr. 20, 1993) (citing Arnold, 762 F. Supp. at 1185) ("Based upon the authority of 28 U.S.C. § 1367, courts have held that the doctrine of supplemental jurisdiction includes pendent party plaintiffs....").

A pendent party plaintiff is one who has asserted a claim "over which there is no independent basis of federal jurisdiction but who seeks to bring that claim in federal court because another plaintiff asserts a claim against the same defendant over which there is federal jurisdiction and both claims derive from a common nucleus of operative fact." See Jaquith, 1993 WL 127212, at *16 (internal quotation marks omitted); see also Lopes v. Heso, Inc., No. 16-CIV.-6796 (MKB) (RML), 2017 WL 4863084, at *4 (E.D.N.Y. Oct. 27, 2017).

Here, because there already exists a pending state court action, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' Zapata and Guzman's claims to avoid the risk of inconsistent decisions even if Martinez's claims survive (or this Court grants Martinez leave to replead her FLSA claim), neither of which should occur for the reasons set forth *supra*.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this case in its entirety with prejudice, and thanks this honorable Court for its time and attention to this case.

Dated:  Jamaica, New York
March 11, 2024                                        Respectfully submitted,

**SAGE LEGAL LLC**

 _/s/ Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Defendants
Atlantis Super Wash Center Inc.,
Clean City Laundry Inc.,
and Nick Mira*

**VIA ECF**
The NHG Law Group, P.C.
Attn: Justin M. Reilly, Esq.
4242 Merrick Road
Massapequa, NY 11758
justin@nhglaw.com

*Attorneys for Plaintiffs
Ester Martinez,
Leria Perez Zapata, and
Mateo Guzman*

11