

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ. | ROSA COSCIA |
| KEITH E. WILLIAMS, ESQ. | CATALINA ROMAN |

**Via: EDNY ECF**                                                                            February 6, 2025

Honorable Judge Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Martinez, et al. v. Atlantis Super Wash Center, Inc., et al.*; 23-cv-04667 (CBA)(PK)

Dear Hon. Judge Kuo,

I represent Plaintiffs, Ester Martinez, Leria Perez Zapata, and Mateo Guzman (collectively, "Plaintiffs"), in the above-referenced Fair Labor Standards Act ("FLSA") action. Pursuant to Your Honor's Individual Rules, Plaintiffs respectfully submit this Letter Motion to Compel Discovery. No prior request for this relief has been made. I emailed this letter to defense counsel, Emanuel Kataev, on February 4, 2025 so that he could include Defendants' position, as per Your Honor's Individual Rules. I asked him to respond by close of business today. He refused to do so. As such, Plaintiff submits this application without Defendants' input.

On August 27, 2024, the Parties submitted a Proposed Discovery Plan for the Court's review and consideration. *See* D.E. 31. The next day, Your Honor entered an Order adopting the Discovery Plan. *See* D.E. 32. The Discovery Plan established several deadlines for the efficient prosecution of this case, including deadlines for the exchange of Rule 26 initial disclosures (September 10, 2024), service of initial document requests and interrogatories (October 4, 2024), and the close of discovery (March 28, 2025). Defendants have ignored every aspect of discovery to date.

As an initial matter, Defendants have not served their Rule 26 Initial Disclosures. They are now nearly four (4) months late. Further, despite clear deadlines and their discovery obligations, Defendants have failed to provide any responses to Plaintiffs' discovery requests. Plaintiffs served their discovery requests, including document requests, requests for admissions, and interrogatories, on October 4, 2024. Defendants have failed to produce any responses whatsoever. Defendants' refusal to engage in discovery has, in turn, prevented Plaintiffs from scheduling and conducting necessary depositions, thereby significantly impeding case progress. Notably, Defendants never sought an extension of time for any of the various discovery deadlines.

On January 23, 2025, I met and conferred with defense counsel via telephone to address the outstanding discovery. During this conversation, defense counsel was unable to provide any justification for Defendants' unreasonable delay but assured me that responses would be provided no later than January 31, 2025. That deadline has passed, yet Defendants remain noncompliant. Despite a Court-ordered Discovery Plan, months of unjustified delay, and a courtesy extension granted by Plaintiffs, Defendants continue to flout their discovery obligations. Accordingly, Plaintiffs now move to compel Defendants' immediate compliance.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Furthermore, Rule 37 permits a party to move to compel discovery when an opposing party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rule 37 also provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Pursuant to Local Rule 37.3 and this Court's Individual Motion Practices, a party may make a discovery motion by joint letter, rather than by a Motion on Notice. Local Rules of the United States District Courts for the Southern and Eastern Districts of New York 37.3; Individual Practice Rules of Magistrate Judge Peggy Kuo, Rule VI(A)(1)(b).

Given Defendants' continued noncompliance, including participating in the submission of this letter, Plaintiffs respectfully request that this Court issue an Order compelling Defendants to serve Rule 26 Initial Disclosures and complete responses to Plaintiffs' document requests and interrogatories without further delay. Additionally, Plaintiffs request that all matters set forth in Plaintiffs' Requests for Admissions be deemed admitted for all purposes in this litigation pursuant to Federal Rule 36(a)(3), which states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

In light of Defendants' egregious and prolonged discovery failures, Plaintiffs further request that this Court consider imposing appropriate sanctions under Rule 37, including attorneys' fees incurred in bringing this motion. Plaintiffs reserve all rights to seek additional relief as warranted.

We appreciate the Court's time and attention to this matter and are available for a conference should Your Honor deem it necessary.

Respectfully submitted,

Keith E. Williams, Esq.