# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

February 11, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

      *Re:*    **Martinez, *et al.* v. Atlantis Super Wash Center Inc., *et al.***
                 **Case No.: 1:23-cv-4667 (CBA) (PK)**

Dear Judge Kuo:

      This office represents Defendants Atlantis Super Wash Center Inc., Clean City Laundry Inc., and Nick Mira (collectively hereinafter the "Defendants"), who respectfully submit this letter response in opposition to Plaintiffs' letter motion to compel discovery. For the reasons set forth below, including Plaintiffs' calculated omission of facts concerning Defendants' discovery efforts to date and outright material misrepresentation of facts regarding both the parties' telephonic meet-and-confer and the allegation that Defendants have not produced a single document, Plaintiffs' motion should be denied.

**<u>Factual Background and Procedural History</u>**

      This case was commenced on June 22, 2023. <u>See</u> ECF Docket Entry 1. After Defendants appeared and filed a letter motion for a pre-motion conference in anticipation of their motion to dismiss on October 6, 2023, Plaintiffs retaliated on October 31, 2023 by filing three (3) separate additional actions – one (1) for each Plaintiff herein – in the Supreme Court of the State of New York, with two (2) in Kings County, and one (1) in Queens County – in an unabashed effort to drive up Defendants' defense costs and pad Plaintiffs' attorneys' fees. <u>See</u> Index Nos.: 723009/2023 (Zapata), 531725/2023 (Guzman), and 531724/2023 (Martinez).[1]

      On May 1, 2024, Defendants served Plaintiffs with their first production of documents Bates stamped D1-D32 containing time and pay records as well as W2s for Plaintiff Ester Martinez.

---

[1] This court may take judicial notice of state court actions. <u>See</u> <u>Cymbalsky v. 522 Shore Rd. Owners, Inc.</u>, No. 23-CV-3104 (SIL), 2025 WL 51216, at *2 (E.D.N.Y. Jan. 8, 2025) (citing <u>Lynn v. McCormick</u>, No. 17-CV-1183 (CS), 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) ("A court may take judicial notice of public records such as pleadings ... and other documents from prior litigation, including state court cases, but it does so not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings") (internal quotation and citation omitted).

On June 21, 2024, Defendants served Plaintiffs with their second production of documents Bates stamped D33-D88 containing time and pay records for the remaining two (2) Plaintiffs. Critically, these documents were produced prior to this Court's August 28, 2024 scheduling Order.

Further, in the Zapata action, Defendants served on October 6, 2024 their responses to Plaintiffs' first request for the production of documents, first set of interrogatories, and first requests for admission. See Index No.: 723009/2023, NYSCEF Docket Entries 17, 18, and 19.

On the same date, in the Martinez action, Defendants served on October 6, 2024 their responses to Plaintiffs' first request for the production of documents. See Index No.: 531724/2023, NYSCEF Docket Entry 27.

Similarly, in the Guzman action, Defendants served on October 7, 2024 their responses to Plaintiffs' first request for the production of documents, first set of interrogatories, and first requests for admission. See Index No.: 531725/2023, NYSCEF Docket Entries 16, 17, and 18.

On January 23, 2025, Plaintiffs' counsel called your undersigned "out of the blue" minutes before your undersigned was scheduled to start a meeting stating that no formal responses were provided. I explained that Defendants have produced all documents in their possession long ago and have previously responded to substantially similar requests for production of documents and interrogatories. Plaintiffs' counsel bellowed that those prior responses do not count and demanded formal responses. I asked until January 31, 2025 to do so and did, in fact, prepare the formal responses demanded. However, your undersigned has been unable to reach the Defendants to review same prior to submission. Indeed, I was only able to do so on Sunday, February 9, 2025 and have not been authorized to submit the formal responses due to questions the Defendants have concerning the responses stemming largely from their lack of understanding of the discovery process in four (4) separate lawsuits brought against them.

**Plaintiffs' Motion to Compel Should be Denied**

The New York Rules of Professional Conduct require that a lawyer shall not knowingly make a false statement of fact to a tribunal. See Rule 3.3(a)(1). Here, as set forth above, Plaintiffs' statement that no documents have been produced is simply untrue. Defendants produced time and payroll records for each of the Plaintiffs.

While it is true that Defendants have not submitted formal responses to Plaintiffs' requests for the production of documents and interrogatories, Plaintiffs' requests largely mirror those of the requests filed in the duplicative state court actions which Defendants have responded to. To that end, given Plaintiffs' omissions of the Defendants' efforts to engage in discovery and outright misrepresentation that Defendants have not produced a single document, their motion must be denied. Indeed, given the fact that Defendants have produced documents and responded to discovery requests, Plaintiffs have no excuse for failing to proceed with depositions.

      Finally, while it is true that Plaintiffs provided a joint letter on February 4, 2025, I was conducting oral argument before the Second Department on this day and spent the following day preparing for an in-person settlement conference before the Hon. Dakota D. Ramseur, J.S.C. which took place on Thursday, February 6, 2025 at 2:30 PM.  As a result, Defendants were regrettably unable to submit their position in a joint letter.  Notably, Plaintiffs made no effort to contact your undersigned despite their previous disposition to calling without advance notice.

      Based on the foregoing record, no sanctions are warranted.  Moreover, Plaintiffs' short-shrift request is unsupported by any authority nor does it set forth the standard for awarding any sanctions, which warrants denial on this basis alone.

      Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      February 11, 2025                    Respectfully submitted,

                                                **SAGE LEGAL LLC**
                                               _/s/ Emanuel Kataev, Esq.___
                                               Emanuel Kataev, Esq.
                                               18211 Jamaica Avenue
                                               Jamaica, NY 11423-2327
                                               (718) 412-2421 (office)
                                               (917) 807-7819 (cellular)
                                               (718) 489-4155 (facsimile)
                                               emanuel@sagelegal.nyc

                                               *Attorneys for Defendants*
                                               *Atlantis Super Wash Center Inc.,*
                                               *Clean City Laundry Inc.,*
                                               *and Nick Mira*

**VIA ECF**
The NHG Law Group, P.C.
<u>Attn</u>: Justin M. Reilly and Keith E. Williams, Esqs.
4242 Merrick Road
Massapequa, NY 11758
justin@nhglaw.com
keith@nhglaw.com

*Attorneys for Plaintiffs*
*Ester Martinez,*
*Leria Perez Zapata,*
*and Mateo Guzman*