

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

| ATTORNEYS | PARALEGALS |
|---|---|
| JUSTIN M. REILLY, ESQ.<br>KEITH E. WILLIAMS, ESQ. | ROSA COSCIA<br>CATALINA ROMAN |

**Via: EDNY ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　November 21, 2025

Honorable Judge Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**　　*Martinez, et al. v. Atlantis Super Wash Center, Inc., et al.*; 23-cv-04667-CBA-PK

Dear Hon. Judge Kuo,

My office represents Plaintiffs, Ester Martinez, Leria Zapata, and Mateo Guzman in the above-referenced lawsuit filed pursuant to the Fair Labor Standards Act ("FLSA") the New York Labor Law ("NYLL"). Kindly accept this letter motion as Plaintiffs' request for approval of the Parties' settlement agreement, attached as **Exhibit 1** for the Court's review. *See Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) (*citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The Agreement resolves Plaintiffs' claims asserted against Defendants and represents a good faith effort between experienced counsel to negotiate the settlement of a *bona fide* dispute between the Parties. The settlement provides Plaintiffs with a reasonable recovery of their claimed unpaid wages. Additionally, Defendants are paying Plaintiffs' attorneys' fees and costs. Accordingly, Plaintiffs respectfully request that the Court approve the Agreement and dismiss this action with prejudice.

**I.**　　**Background and Settlement**

On June 22, 2023, Plaintiffs filed their Complaint alleging, among other things, violations of the FLSA and the NYLL for failing to pay overtime compensation, minimum wages, spread of hours compensation, and for failing to provide wage notices and wage statements. *See gen.* Complaint, D.E. 1. After Defendants moved to dismiss Plaintiffs' state law claims, Plaintiffs filed an Amended Complaint removing such claims, and then refiled them in state court. Despite this procedural posture, the instant settlement resolves all wage claims between the Parties in both this case and any state court actions. Plaintiffs contend, among other things, that during their employment with Defendants, they routinely worked in excess of forty (40) hours a week without overtime compensation, were not paid at least minimum wage, and were never paid spread of hours compensation.

Plaintiffs' counsel calculated their damages in an Excel spreadsheet for each Plaintiff, a summary of which is attached as **Exhibit 2**. Based on these calculations, Plaintiffs estimate their collective unpaid wages under the FLSA and the NYLL to be $106,526.40. This estimate is exclusive of NYLL penalties, interest, attorneys' fees, and costs. In preparing the damages chart, Plaintiffs' counsel did not take into account any of Defendants' defenses, as discussed herein.

Defendants do not agree with Plaintiffs and dispute their allegations entirely. Not only do Defendants dispute the hours Plaintiffs claim to have worked each week, but they also vehemently contend that Plaintiffs were properly paid all of their earned wages. Moreover, Defendants contend that their records would afford them a complete defense to Plaintiffs' claims at trial because they demonstrate Plaintiffs' allegations regarding their hours are inaccurate. Conversely, Plaintiffs believe Defendants would not be able to meet their burden to disprove their claims and, therefore, they would prevail at trial.

In sum, there is a *bona fide* dispute between the parties regarding Plaintiffs' wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through protracted arm's length bargaining.

**II.    The Settlement of Claims Against Defendants is Fair and Reasonable**

To dismiss a FLSA case with prejudice, the Parties must seek Court approval of the settlement. *See Cheeks*, 769 F.3d at 206; *see also Wolinsky*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (court must determine if a settlement agreement is fair and reasonable). Courts consider the totality of the circumstances to make this determination. *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015).

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky*, 900 F. Supp. 2d at 335. Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 11–cv-00529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, 10-cv-01145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 07-cv-00086, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Parties, through counsel, spent significant time negotiating a settlement of this case. The Parties were able to agree on a settlement amount when Defendants increased their total offer to $140,000.00. Plaintiffs willingly accepted this good-faith offer. Plaintiffs recognize that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever, and that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation.

Plaintiffs further recognize that Defendants continue to deny that their claims have any merit. Of the agreed upon settlement amount, Plaintiffs will receive a collective recovery of $91,025.29, and their attorneys will receive $48,974.71 in fees and reimbursable costs.

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiffs' possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### A.  The Agreement Fairly Accounts for Plaintiffs' Possible Recovery

As noted above, Plaintiffs will receive a collective recovery of $91,025.29, which is approximately 85% of their claimed unpaid wages. The percentage of recovery here is much higher than Courts have found to be reasonable in other FLSA cases. *See e.g., Tapia v. Nations Roof East, LLC*, 21-cv-01358, 2022 WL 2104245 at *1 (S.D.N.Y. June 10, 2022) (discussing cases approving settlements ranging from 25% to 7% of total recovery amount); *Amhaz v. Booking.com*, 17-cv-02120, 2019 WL 9122944 at *2 (S.D.N.Y. Oct 29, 2019) (approving settlement that represented 9.7% of total recovery amount), *report & recommendation adopted*, 2020 WL 3498264 (S.D.N.Y. June 29, 2020). Further, Plaintiffs' attorneys' fees and costs are being paid by Defendants. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiffs' wages and the other claims raised in the Complaint. It is apparent that the settlement amount fairly accounts for Plaintiffs' possible recovery in this matter and the Agreement should, therefore, be approved in its entirety.

### B.  The Risk and Expenses Faced by the Parties

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. And, as noted *supra*, if Defendants did so prevail, Plaintiffs face the possibility of receiving little to no recovery at all. At the same time, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiffs' claims, they are also mindful that this would have only occurred after a protracted litigation at significant financial defense costs that could easily surpass the settlement amount. Conversely, if Plaintiffs prevail at trial, Defendants will face significant liability for unpaid wages, civil penalties, interest, and attorneys' fees and costs. To obtain that result, however, Plaintiffs face the prospect of waiting months, if not years, for the matter to proceed through remaining discovery, motion practice, and, eventually, trial. Moreover, even if Plaintiffs prevail, they acknowledge the risk that they may not be able to collect on any judgment they ultimately receive. Thus, the costs of litigation, prospects of liability for Defendants, and the time expenditures required for either side to prevail clearly weigh in favor of early resolution. As well, even though it is not necessarily a factor under *Wolinsky,* the Court should also not lose sight of the fact that litigation imposes a mental toll upon both Plaintiffs and Defendants no matter who wins or loses. *See Brown v. TD Bank, N.A.,* No. 15-CV-5474, 2016 WL 1298973, at *7 (E.D. Pa. Apr. 4, 2016) ("Litigation is expensive, time-consuming, and emotionally draining."). Settlement ameliorates this burden too.

Accordingly, all Parties face substantial risks in proceeding forward with the litigation and, for these reasons, the settlement should be found to be fair and reasonable.

### C. The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion

It cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, this Court observed the adversarial nature of the parties at a settlement conference before it firsthand. However, the Parties were ultimately able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys. Throughout the process, the Parties' respective counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Further, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without coercion or duress. Plaintiffs were represented by experienced counsel (Keith E. Williams, Esq.) who has litigated hundreds of cases in the Southern and Eastern Districts of New York and the District of New Jersey, the majority of which involve claims under the FLSA and the NYLL. Accordingly, the Agreement should be approved by the Court.

### D. FLSA Public Policy Considerations

The Agreement does not contain a confidentiality provision, a general release, or a non-disparagement clause. Therefore, the public policy goals of the FLSA are not implicated. Further, this Agreement settles both the instant action as well as the associated state court proceedings. There are no other agreements pertaining to the resolution of these cases.

### III. Plaintiff's Request for Attorneys' Fees and Costs Is Reasonable.

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiffs' counsel is seeking one-third of the settlement amount as a fee plus recovery of the expenses incurred in prosecuting this case. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *McPherson v. Look Ent. Ltd.*, 23-cv-04273 (JMA) (JMW), 2025 WL 43165, at *5 (E.D.N.Y. Jan. 7, 2025) (citing *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-cv-06126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014); *Fischer v. SD Protection Inc.*, 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, 16-cv-05216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018)); *see also*, *Tepale v. 245 Gourmet Food Inc.*, 21-cv-05950 (ER), 2022 WL 1186574, at *2 (S.D.N.Y. Apr. 21, 2022). Further, Courts in this Circuit approve reasonable out-of-pocket expenses that are "incidental and necessary to [a plaintiff's] representation" that are incurred by the attorney, which are normally charged fee-paying clients. *See Morales v. City Scrap Metal, Inc.*, 19-cv-06682-CLP, 2022 WL 20539979, at *5 (E.D.N.Y. Nov. 16, 2022) (quoting *Mitland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)). "Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar 'cross-check' and 'compare the fees generated by the percentage method with those generated by the lodestar method.'" *Llamas v. Cor J. Sea Food Corp.*, 21-cv-00248 (JMW) (E.D.N.Y. November 10, 2021), D.E. 21 (citing *Mobley v. Five Gems Mgmt. Corp.*, 17-cv-9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted).

Once an initial lodestar computation has been made, district courts have the discretion to "increase the lodestar by applying a multiplier based on other less objective factors, such as the risks of the litigation and the performance of the attorneys." *Pucciarelli v. Lakeview Cars, Inc*, 16-cv-04751, 2017 WL 2778029 at *2 (E.D.N.Y. June 26, 2017) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). "Courts regularly award multipliers from two to six times the lodestar." *Cohan v. Columbia Sussex Management, LLC*, 12-cv-03203, 2018 WL 4861391 at *5 (E.D.N.Y. Sept. 28, 2018) (approving a 2.3 multiplier as "well within the range awarded" and citing S.D.N.Y. cases where multipliers of 2.09, 3.97, and 4.65 were found reasonable); *Weston v. TechSol, LLC*, 17-cv-00141, 2018 WL 4693527 at *6 (E.D.N.Y. Sept. 26, 2018) (quoting *Monserrate v. Tequipment, Inc.*, 11-cv-06090, 2012 WL 5830557 at *3 (E.D.N.Y. Nov. 16, 2012); *Donnelly v. Peter Luger of Long Island, Inc.*, 13-cv-01377, 2014 WL 12769046 at *8 (E.D.N.Y. Nov. 13, 2014) (finding a lodestar multiplier of 2.35 to be "at the lower range of what courts have approved" and collecting cases where courts in the Second Circuit approved lodestar multipliers of 3.3, 3.53, 3.96, 4.65, 5.3, and 5.5).

Importantly, as the Second Circuit noted in *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), "[n]either the text nor the [remedial] purpose of the FLSA … supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* at 603. The Court explained that "[b]y implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress' goals by discouraging plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Id.* (citing *Sand v. Greenberg*, 08-cv-07840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

The range of appropriate fees for experienced FLSA litigators, the prevailing rates in the Eastern District of New York range from approximately $300.00 to $400.00 an hour. *Incredible Foods Group, LLC v. Unifoods, S.A. De. C.V.*, 2016 WL 4179943 at *3 (E.D.N.Y. Aug. 5, 2016) (citing *Konits v. Karahalis*, 409 Fed. Appx. 418, 422 (2d Cir. 2011)). Paralegals are routinely awarded hourly rates in the range of $70 to $150 per hour by Courts in this Circuit. *See Vargas Garcia v. Park*, 18-cv-10650 (KNF), 2019 WL 6117596, at *5 (S.D.N.Y. Nov. 18, 2019) (citing cases); *Cohetero v. Stone & Tile, Inc.*, 16-cv-4420 (KAM)(SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (finding reasonable a rate of $125.00 per hour because the paralegals were bilingual, and Plaintiff was a Spanish speaker).

Plaintiffs were represented by Attorney Keith E. Williams, Esq., who has been admitted to practice law in the states of New York (2015), California (2014), and New Jersey (2023), including the Eastern and Southern Districts of New York, the Central and Southern Districts of California, the District of New Jersey, and the Second and Ninth Circuit Courts of Appeal. Attorney Williams has experience litigating employment law matters including cases arising under the FLSA, NYLL, FMLA, Title VII, New York Executive Law, New York City Administrative Code, and common law claims related to private employment matters, among others. He has represented both employees and employers in actions involving these types of claims. Attorney Williams has been with The NHG Law Group, P.C. ("NHG Law") since 2016. During this time, he has appeared in hundreds of wage and hour cases in New York and New Jersey, both at the federal and state court level, as well as before various arbitration firms and government agencies.

On September 30, 2024, Hon. Judge LaShann DeArcy Hall, U.S.D.J., awarded Attorney Williams an hourly rate of $325.00 after a successful bench trial in a FLSA/NYLL case. *See Erdemir v. Allstate Marble & Granite, Kitchens And Baths Inc.*; 18-cv-06103 (LDH) (AYS), 2024 WL 4344846, at *2 (E.D.N.Y. Sept. 30, 2024). It is respectfully submitted that this Court should likewise use $325.00 as a reasonable hourly rate for lodestar purposes.

Justin M. Reilly, Esq. also billed time on this case. He has been admitted to practice law in New York since 2000. He has litigated several hundred cases in the Eastern and Southern Districts of New York. These cases have all alleged violations of the FLSA, the NYLL, or Civil Rights claims. Attorney Reilly is the managing attorney for NHG Law and has been with the firm since 1999. NHG Law bills him out at $550.00 an hour. On December 29, 2022, Attorney Reilly was awarded an hourly rate of $400.00 by the Hon. James M. Wicks, U.S.M.J. in the matter of *Bozdogan v. 23 Ludlam Fuel, Inc.*; 16-cv-01053 (JMW), D.E. 88 (E.D.N.Y. 2022). It is respectfully submitted that this Court should likewise use $400.00 as a reasonable hourly rate for lodestar purposes.

Paralegal Catalina Roman billed time on this case as a paralegal and interpreter. Ms. Roman has been employed by NHG Law since 2009. She is a trained paralegal with a degree in Paralegal Studies from Interboro Institute and is fluent in the Spanish and English languages. In addition to her paralegal duties, she provides interpretation services for NHG Law's attorneys and their Spanish-speaking clients on a daily basis. On February 10, 2025, Hon. Judge Mary Kay Vyskocil, U.S.D.J., awarded Ms. Roman an hourly rate of $110.00. *See Garrido v. F&M Construction and Development Corp.*; 21-cv-04084-MKV, D.E. 98 (E.D.N.Y., Feb. 10, 2025). It is respectfully submitted that this Court should likewise apply this reasonable hourly rate for lodestar purposes.

To date, the efforts of NHG Law have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case it takes, NHG Law stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs. Additionally, the Court should consider NHG Law's success in obtaining the instant resolution for its client, which provides for a significant recovery of their claimed damages while avoiding costly and time-consuming discovery and, eventually, a trial.

NHG Law's time records are attached at **Exhibit 3**. It is respectfully submitted that none of the billed hours are redundant, excessive, or unnecessary. The amount of time spent allowed NHG Law to negotiate the best settlement possible for its client. Attorney Williams billed 106.10 hours litigating this case; Attorney Reilly billed 9.80 hours, and Ms. Roman billed 16.40 hours. Based on the rates discussed, the lodestar is $40,206.50.

Of the agreed upon settlement amount reflected in the Agreement (*i.e.*, $140,000.00), Plaintiffs' counsel is seeking one-third in fees ($46,666.66). Here, while the lodestar does not exceed the amount requested in attorneys' fees, the multiplier (1.1606) is well within the range typically approved by Courts in this circuit. Accordingly, it is respectfully submitted that the attorneys' fees requested are reasonable and should be approved by the Court.

In addition to fees, NHG Law is seeking to recover its costs incurred during the litigation, which included filing the complaint ($402.00), state court filings ($890.87), and service of process ($1,015.20), for a total of $2,308.07. It is requested that the Court take judicial notice of the cost of filing the Complaint, *see* D.E. 1.

Invoices for the remaining costs incurred are attached at **Exhibit 4**. NHG Law submits that these expenses were necessarily incurred to prosecute Plaintiffs' claims in this case and the state cases, and, therefore, respectfully submits that the allocation of costs are reasonable and should be approved.

For the above reasons, it is respectfully requested that the Court approve Plaintiffs' Motion for Settlement Approval in its entirety and dismiss this case.

                Respectfully submitted,

                Keith E. Williams, Esq.

Attachments: as stated.
cc: all counsel of record via ECF