## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, ESTER MARTINEZ, LERIA PEREZ ZAPATA, and MATEO GUZMAN (collectively, "Plaintiffs") and, on the other hand, ATLANTIS SUPER WASH CENTER INC., CLEAN CITY LAUNDRY INC., and NICK MIRA (collectively, "Defendants") (Defendants and Plaintiffs collectively, the "Parties" and each individual party a "Party").

WHEREAS, on or about June 22, 2025, Plaintiffs initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Martinez, et al. v. Atlantis Super Wash Center Inc., et al.*; 1:23-cv-04667-CBA-PK (the "Federal Action"), in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for *inter alia*, unpaid wages and record keeping violations; and,

WHEREAS, on or about October 16, 2023, Plaintiffs filed an Amended Complaint which, in relevant part, withdrew their claims for unpaid spread of hours compensation and record keeping violations; and,

WHEREAS, on October 31, 2023, Plaintiffs filed separate state court actions—entitled *Martinez v. Atlantis Super Wash Center Inc., et al.*, 531724/2023; *Guzman v. Atlantis Super Wash Center Inc., et al.*, 531725/2023; and, *Zapata v. Atlantis Super Wash Center Inc., et al.*, 723009/2023 (collectively, the "State Actions")—in which they reasserted their claims for unpaid spread of hours compensation and record keeping violations; and,

WHEREAS, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Courts have not made any findings with respect to the merits of any of the claims asserted in the Federal Action or State Actions, or otherwise; and,

WHEREAS, the Parties desire to resolve all disagreements between them relating to the payment of wages, including those asserted in the Federal Action and State Actions, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration**: The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid wages and other alleged damages relating to their FLSA and NYLL claims from the commencement of their employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:**

    a.    As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have (as well as any other wage and hour claims that could have been brought), had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiffs the total sum of One-Hundred-Forty-Thousand Dollars and Zero Cents ($140,000.00) (the "Settlement Amount"), as follows:

        i.    On or before January 1, 2026, Defendants shall make an initial payment in the amount of Fifty-Thousand Dollars and Zero Cents ($50,000.00), to be allocated and payable as follows:

            A.    a certified bank check or attorney escrow check made payable to "ESTER MARTINEZ" in the amount of Four-Thousand Fifty-Three Dollars and Forty-Four Cents ($4,053.44), representing payment of alleged civil monetary penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

            B.    a certified bank check or attorney escrow check made payable to "LERIA PEREZ ZAPATA" in the amount of Thirteen-Thousand Two-Hundred Fifty Dollars and Eighty-Two Cents ($13,250.82), representing payment of alleged civil monetary penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

            C.    a certified bank check or attorney escrow check made payable to "MATEO GUZMAN" in the amount of Thirteen-Thousand Seven-Hundred Twenty Dollars and Ninety-One Cents ($13,720.91), representing payment of alleged civil monetary penalties;

            D.    a certified bank check or attorney escrow check made payable to "THE NHG LAW GROUP, P.C." in the amount of Eighteen-Thousand Nine-Hundred Seventy-Four Dollars and Eighty-Three Cents ($18,974.83), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099-Misc, Box 10.

        ii.    Beginning February 1, 2026 and continuing for an additional seventeen (17) consecutive months thereafter, on the first day of each such month, Defendants shall make monthly payments in the amount of Five-Thousand Dollars and Zero Cents ($5,000.00), for a total of eighteen (18) such payments in the total amount of Ninety-Thousand Dollars and Zero Cents ($90,000.00), to be allocated and payable as follows:

    A.    a certified bank check or attorney escrow check made payable to "ESTER MARTINEZ" in the amount of Four-Hundred Thirty-Five Dollars and Fifty Cents ($435.50), representing payment of alleged civil monetary penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

    B.    a certified bank check or attorney escrow check made payable to "LERIA PEREZ ZAPATA" in the amount of One-Thousand Four-Hundred Twenty-Three Dollars and Sixty-Seven Cents ($1,423.67), representing payment of alleged civil monetary penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

    C.    a certified bank check or attorney escrow check made payable to "MATEO GUZMAN" in the amount of One-Thousand Four-Hundred Seventy-Four Dollars and Seventeen Cents ($1,474.17), representing payment of alleged civil monetary penalties;

    D.    a certified bank check or attorney escrow check made payable to "THE NHG LAW GROUP, P.C." in the amount of One-Thousand Six-Hundred Sixty-Six Dollars and Sixty-Six Cents ($1,666.66), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099-Misc, Box 10.

    b.    In the event that any payments become due prior to the Court judicially approving this Agreement, Defendants shall make all such payments within five (5) business days of approval and the remainder of the payments shall be paid as set forth herein.

    c.    The payments set forth in this Paragraph shall be delivered to The NHG Law Group, P.C., 4242 Merrick Road, Massapequa, New York 11758.

    d.    For the avoidance of doubt, of the payments set forth herein, Plaintiff Martinez shall receive a total of Eleven-Thousand Eight-Hundred Ninety-Two Dollars and Forty-Four Cents ($11,892.44), Plaintiff Zapata shall receive a total of Thirty-Eight-Thousand Eight-Hundred Seventy-Six Dollars and Eighty-Eight Cents ($38,876.88), Plaintiff Guzman shall receive a total of Forty-Thousand Two-Hundred Fifty-Five Dollars and Ninety-Seven Cents ($40,255.97), and Plaintiffs' counsel shall receive a total of Forty-Eight-Thousand Nine-Hundred Seventy-Four Dollars and Seventy-One Cents ($48,974.71).

    e.    Plaintiffs each agree and affirm that the Settlement Payment shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that Plaintiffs will not seek any further compensation for any other released claims, including for unpaid wages, wage supplements, statutory and liquidated damages, costs,

disbursements, or attorneys' fees. Plaintiffs each agree, affirm, and acknowledge that upon receipt of the Settlement Amount set forth herein, they will have been paid all wages and wage supplements and all other amounts owed to them by Defendants.

3. **Plaintiffs' Release of All FLSA and NYLL Related Claims:** Plaintiffs understand and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiffs' claims for alleged unpaid overtime wages, minimum wages, regular wages, spread of hours pay, tips, liquidated damages, statutory penalties, pay frequency violations, record-keeping violations, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations, as well as for any other wage and hour claims that could have been brought in this case, for anything that has occurred or is alleged to have occurred up to the Effective Date (as defined below) of this Agreement. Plaintiffs hereby completely release all wage and hour claims against Defendants and release and forever discharge Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations, as well as for any other wage and hour claims that could have been brought in this case.

4. **Third-Party Beneficiary:** Defendants agree and acknowledge that The NHG Law Group, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to The NHG Law Group, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to The NHG Law Group, P.C., as determined by a Court of competent jurisdiction, The NHG Law Group, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that The NHG Law Group, P.C. is a prevailing party.

5. **Failure to Make Timely Payment:**

    a. If Defendants fail to timely pay any portion of the Settlement Amount as set forth in Paragraph 2 above ("Default"), Plaintiffs, individually or through counsel, shall serve a written Notice of Default on Defendants. Defendants shall have ten (10) days from the service of the Notice of Default (the "Cure Period") to cure any such Default.

    b. If Defendants fail to cure any Default within the Cure Period, the Settlement Amount set forth in Paragraph 2 will automatically increase to Two-Hundred-Eighty-Thousand Dollars and Zero Cents ($280,000.00), less any payments made ("Default Amount") and become due immediately. Plaintiffs will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in their respective pro rata amounts of the Default Amount and in accordance with the terms of the Affidavit of Judgment of Confession, the terms of which are expressly incorporated herein by reference.

c.      Defendant NICK MIRA, individually and on behalf of ATLANTIS SUPER WASH CENTER INC. and CLEAN CITY LAUNDRY INC., shall execute an Affidavit of Judgment by Confession. The Affidavit of Judgment by Confession shall be held in escrow by Plaintiffs' legal counsel and the originals and any photocopies/duplicates of same shall be destroyed upon the completion of the payments by Defendants as set forth in Paragraph 2 above.

6.      **Taxes:**

a.      Plaintiffs agree that they each shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiffs understand and agree that no representation is made by or on behalf of Defendants, or from any attorney appearing in the Action, regarding tax obligations or consequences that may arise from this Agreement. Plaintiffs further represent that no tax advice has been given to them by Defendants or from any attorney appearing in the Action and that they understand that no representation or guarantee as to the tax consequences of the Settlement Payment has been made by Defendants or from any attorney appearing in the Action. Plaintiffs acknowledge that they have been advised to seek independent tax advice from a tax attorney or accountant.

b.      Plaintiffs assume full responsibility for their respective portions of the Settlement Amount for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. If the Internal Revenue Service or any other federal, state, or local government, administrative agency, or court determines that Plaintiffs, or any one of them, and/or Defendants, or any one of them, is liable for any failure by either Plaintiff to pay federal, state, or local income taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to hold Defendants harmless for any such liability, except for Defendants' employer-related payroll taxes, including without limitation, FICA and/or FUTA, if any.

7.      **Covenant Not to Sue:** Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If a Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs relating to the enforcement of this Agreement and/or defense of such claims against such breaching Plaintiff, provided that Defendants are a prevailing Party.

8.      **Filing of Stipulation of Dismissal with Prejudice:** The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice, to be So-Ordered, which will be filed with the Court within a reasonable time after Plaintiffs file a motion for approval of this Agreement. The Parties also hereby authorize their respective counsel to execute Stipulations of Discontinuance with Prejudice for each State Action, which shall be filed on NYSCEF by Defendants no earlier than the date the Court approves this Agreement in the Federal Action.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Breach**: If it is established that any Party breached this Agreement, as determined by a court of competent jurisdiction, then the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching Party is a prevailing Party.

11. **Choice of Law and Forum**: This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in (i) the County of Kings, State of New York; or, (ii) the United States District Court for the Eastern District of New York. The Parties consent to the personal jurisdiction of these courts. The Parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement. The Parties agree that the Court may retain jurisdiction over the Action and this Agreement to enforce its terms, if necessary.

12. **Effective Date**: This Agreement shall become effective as of the date the Court judicially approves this Agreement.

13. **Entire Agreement**: The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, including any arbitration agreements, if any, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that the other has made no promises relating to the subject matter herein other than those contained in this Agreement.

14. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15. **Modification and Waiver**: This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

16. **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

17. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

18. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

19. **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

20. **Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

21. **Discrimination Acknowledgement:** Plaintiffs hereby acknowledge that they do not have any claims of discriminations against Defendants and have not suffered any discrimination of any kind from or on behalf of Defendants, nor do Plaintiffs have any other claims against Defendants.

**Signature page follows.**

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____  Dated: 11/14/2025
**ESTER MARTINEZ**

_____  Dated: 11/14/2025
**LERIA PEREZ ZAPATA**

_____  Dated: 11/14/2025
**MATEO GUZMAN**

_____  Dated: 11/5/25
**ATLANTIS SUPER WASH CENTER INC.**
By: Nick Mira

_____  Dated: 11/5/25
**CLEAN CITY LAUNDRY INC.**
By: Nick Mira

_____  Dated: 11/5/25
**NICK MIRA**

- 8 -